```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2     - - - - - - - - - - - - X
       UNITED STATES OF AMERICA,       : 09-CR-0003 (CBA)
 3                                      :
                                        :
 4     -against-                        : United States Courthouse
                                        : Brooklyn, New York
 5                                      :
                                        :
 6     DARIEN PUGHE,                     :
       also known as                    :
 7     "Fuso" and "Fu," and             :
                                        :
 8     DEWAYNE TAYLOR,                   :
       also known as "Anthony Watts,"   : June 24, 2009
 9                 Defendant.           : 9:30 a.m.
       - - - - - - - - - - - - X
10
                         CRIMINAL CAUSE FOR TRIAL
11           BEFORE THE HONORABLE CAROL B. AMON
          UNITED STATES DISTRICT COURT JUDGE, AND A JURY
12
                         A P P E A R A N C E S :
13
       For the Government:
14     United States Attorneys Office
       Eastern District of New York
15     271 Cadman Plaza East
       Brooklyn, New York  11201
16     BY:  MATTHEW AMATRUDA, ESQ.

17     For Defendant Pughe:
       Rothman, Schneider, Soloway & Stern, P.C.
18     100 Lafayette Street, Suite 501
       New York, NY  10013
19     BY:  DAVID STERN, ESQ.

20     For Defendant Taylor:
       Federal Defenders of New York, Inc.
21     16 Court Street
       Brooklyn, NY  11241
22     BY:  LEN KAMDANG, ESQ.

23     Court Reporter:          Nicole M. Warren, CSR, RMR, CRR
                                Official Court Reporter
24
       Proceedings recorded by computerized stenography
25     Transcript produced by Computer-aided Transcription.
```

USA V. PUGHE, ET AL

```
 1              (In open court; all parties present.)

 2              COURTROOM DEPUTY:  The United States against Pughe and

 3      Taylor.

 4              THE COURT:  I understand the defendants are getting

 5      dressed, and we'll put this all on the record when we're in

 6      here.

 7              You've seen the note?

 8              MR. STERN:  I have.  I think we agree how it should be

 9      resolved.  I think we think they should be told you have the

10      phone transcripts.  You can look at any of them you choose to

11      look at.

12              They should be told there is no evidence of who bought

13      Mr. Pughe's bus ticket.

14              And although we would have to, I guess, technically

15      have the transcript read back, I think we can agree if we can

16      get the number out of the transcript.

17              They say, "If available, outside the transcript being

18      read."

19              THE COURT:  I think they don't want to come in and

20      have the transcript --

21              MR. STERN:  Since it's in the transcript and we all

22      agree that was the number testified to -- I don't mean to speak

23      for Mr. Kamdang -- I would agree to have it read back to us and

24      give them that number.

25              THE COURT:  Okay.
```

```
1              Is that acceptable to the Government?

2         MR. AMATRUDA:  The only thing I would say is not -- I

3    don't want to quibble too much with the wording of the issue

4    of, you know, there not being evidence in the transcripts of

5    who purchased the bus ticket.  I -- the Government's preference

6    would be to tell the jury that there was no testimony

7    concerning that subject.

8         THE COURT:  That's the same as there was no evidence

9    presented concerning that subject, right?

10        MR. STERN:  I think it misleads them.  There was no

11   evidence.  There was not a shred of evidence as to who

12   purchased that bus ticket, whether it's testimonial, by

13   stipulation, by anything.  There just was no evidence.  It's

14   not just that there was no testimony.

15        THE COURT:  You're sure all the transcripts were sent

16   back, Mr. Amatruda?  The transcript went back?

17        MR. AMATRUDA:  Judge, my understanding was that it

18   was; but we have identical copies of it.  We can send it.  I

19   didn't put it in the bin because I was told that it was sent

20   back already.

21        THE COURT:  Who would have sent it back?  Not us.

22        MR. AMATRUDA:  Judge, I honestly don't know.  It seems

23   like there was a mistake.  Certainly it wasn't -- the reason I

24   didn't send it back is because I thought it was already there.

25        THE COURT:  Who would have sent it back if you didn't
```

USA V. PUGHE, ET AL

```
1    give it to us?
2            MR. AMATRUDA:  My impression was that Vanessa, your
3    court deputy, sent it back.  I don't know that that was --
4    obviously, I was under a misimpression.  I'm not saying it was
5    her job to do it and it didn't get done.  I'm just saying
6    that's what I thought.
7            THE COURT:  We would never have sent back exhibits
8    that people hadn't looked at on our own.
9            Ms. Holley, I take it you didn't send back the
10   transcript, correct?
11           COURTROOM DEPUTY:  No, Judge.  I only picked up the
12   box that was prepared in the courtroom and gave it to the
13   marshal, and the chart.
14           THE COURT:  Before the parties had said that they had
15   no opposition to the transcript going back, correct?
16           MR. STERN:  Correct.
17           MR. KAMDANG:  That's correct.
18           THE COURT:  All right.  Then do we have a transcript
19   book?  'Cause they don't have it, I guess.
20           MR. AMATRUDA:  I sent Agent McNally about ten minutes
21   ago to get it.  So, it will be here momentarily.
22           MR. KAMDANG:  I have one in the conference room.
23           THE COURT:  I want to make sure we have the one that
24   was limited.  I mean, there were a lot of rulings that we had.
25           MR. STERN:  I do, too.  Judge, if it's okay, I'm going
```

Nicole M. Warren, CSR, RMR, CRR

```
1    to go back and tell my client about what this note was.

2              THE COURT:  Why aren't they coming out?  Are they

3    still getting dressed?

4              (Defendants Pughe and Taylor enter the courtroom.)

5              THE COURT:  All right.  The record should reflect that

6    the defendants have been brought into court.

7              Mr. Pughe and Mr. Taylor, we received a note from the

8    jury.

9              Mr. Taylor, you've read the note; is that correct?

10             DEFENDANT TAYLOR:  Yes.  Yes.

11             THE COURT:  All right.  I just want to make sure

12   Mr. Pughe has -- I'm not going to bring the jury out.  So,

13   nobody has to have their -- be dressed.

14             All right.  Have you shown the note?

15             MR. STERN:  Judge, is your plan to give them written

16   answers to these questions?

17             THE COURT:  Yes.  Here's what I would propose.

18             "In response to your note marked Court Exhibit 8,

19   please be advised attached is the transcript book."

20             Okay.  We located in the transcripts of the

21   proceedings the telephone number of Darien Pughe.  It is --

22   now, you agree on what that is?

23             MR. AMATRUDA:  The court reporter read it.

24             THE COURT:  And what was the number?

25             THE COURT REPORTER:  (Reads number).
```

Nicole M. Warren, CSR, RMR, CRR

```
 1              THE COURT:  That number has just been read to the
 2    Court by the court reporter, and the number is (718)913-5135.
 3              Is it acceptable to both defendants to have that
 4    information presented to the jury in this way?
 5              MR. STERN:  It is.  That's what officer's testimony
 6    was.
 7              THE COURT:  All right.  Was it testified to by
 8    somebody?
 9              MR. STERN:  Officer Taylor, I think.
10              MR. AMATRUDA:  Yes, Judge.
11              THE COURT:  It is as testified to by Officer Taylor.
12    Maybe that's what I'll write.
13              MR. KAMDANG:  Maybe it should be that officer
14    testified that the number is this, rather than the phone number
15    is --
16              MR. AMATRUDA:  If we're going to do that, it should be
17    Officer Taylor testified that Darien Pughe gave this phone
18    number as his phone number.  That's more accurate.
19              MR. STERN:  I think we're getting carried away.  They
20    asked for the phone number.
21              THE COURT:  Let me read it to you again and see if
22    this satisfies everyone.
23              "We located in the transcripts of the proceedings
24    evidence as to the telephone number of Darien Pughe."
25              Is that better?
```

USA V. PUGHE, ET AL

```
 1              MR. STERN:  It's all okay with me.
 2              THE COURT:  I was going say, "the telephone number of
 3    Darien Pughe."
 4              Do you have a problem with that?
 5              MR. KAMDANG:  What's the --
 6              THE COURT:  "We located in the transcript of the
 7    proceedings the telephone of Darien Pughe.  It is (718)913-5135
 8    as testified to by Officer Taylor."
 9              MR. STERN:  I have no problem with that.
10              THE COURT:  Do you have a problem with that?
11              MR. KAMDANG:  I don't.
12              THE COURT:  Okay.  There is -- and then the last
13    question is:  "There is no evidence as to -- in the record as
14    to who purchased the bus ticket that Darien Pughe traveled on."
15              Isn't that a correct statement?
16              MR. STERN:  Is that correct.
17              MR. AMATRUDA:  Fine.
18              THE COURT:  All right.
19              (Brief pause.)
20              THE COURT:  Okay.  Let me show you this note so you
21    can both look at it, everybody can look at it before it goes
22    back.
23              (All attorneys view the note.)
24              THE COURT:  Have you examined the transcript book
25    that's going back?
```

Nicole M. Warren, CSR, RMR, CRR

USA V. PUGHE, ET AL

```
1          MR. STERN:  I have.

2          MR. AMATRUDA:  Judge, I --

3          THE COURT:  Mr. Kamdang?

4          MR. KAMDANG:  I'm doing it right now, your Honor.

5          MR. AMATRUDA:  There's another issue which is that

6   Agent McNally believes that there is a transcript binder back

7   there with the jury that we put in the box that went back

8   there.  That's fine.  It was one that we all looked at and

9   agreed on.

10          However, Mr. Stern noticed today that there was a

11   couple of lines in Mr. Pughe's call, the transcript of

12   Mr. Pughe's call we needed to redact from this binder.  If the

13   unredacted binder is back with the jury, we need to get that

14   back and -- from them to redact those lines from it.

15          THE COURT:  What's the point of my staying in court

16   baby-sitting everyone for almost 40 minutes yesterday if it

17   wasn't to have people go through these exhibits and make sure

18   there weren't any problems?

19          MR. AMATRUDA:  You're right, Judge, and it -- we

20   obviously -- we didn't do what you thought we should or what we

21   should have done, if this is the case but it is -- I believe

22   it's an inadvertent mistake, if one is made, and we're trying

23   to figure out what to do to correct it.

24          THE COURT:  What was the nature of the information

25   that wasn't redacted?
```

USA V. PUGHE, ET AL

```
1            MR. STERN:  It actually was the same as the statement
2   that precedes it really.  It just wasn't in evidence.  I
3   think -- I don't have the unredacted copy.
4            THE COURT:  So, it's nothing prejudicial.
5            MR. STERN:  Not really, no.  No, no, it's just if you
6   give me that, I think I can tell you what the statement is.
7            THE COURT:  This one says -- it's the first transcript
8   of Mr. Pughe?
9            MR. STERN:  Yes.
10           MR. AMATRUDA:  Here it is, David.  Here it is.
11           MR. STERN:  The first part says, "You see I go out to
12  Tennessee for us.  You know what I'm saying."
13           The second part is, "The crazy shit is, the crazy shit
14  is I went out there for us."
15           It's not really significantly different in any way.
16  It's just not in evidence.
17           THE COURT:  All right.  Here's what I'm going to add.
18           "Attached is a transcript book.  If you have another
19  copy of the transcript book, return it to the marshal; and use
20  this one."
21           MR. STERN:  That's fine.
22           THE COURT:  Okay.  Because you're not positive it went
23  back, are you?
24           MR. AMATRUDA:  I'm not, Judge.
25           THE COURT:  All right.  Does that handle the matter?
```

USA V. PUGHE, ET AL

```
 1              MR. STERN:  It does.

 2              MR. KAMDANG:  Yes, your Honor.

 3              THE COURT:  Does anybody else have any other

 4    questions?

 5              MR. STERN:  No.

 6              THE COURT:  I mean, it seems to me to be of no moment.

 7              MR. STERN:  I agree with that.  If I thought it was

 8    important, I would try to do something.  I don't really think

 9    it's that important.

10              THE COURT:  I didn't mean to be so snappy with

11    everyone.  It's just that I get very concerned about this issue

12    because I have had occasions and other judges have had

13    occasions in this court where after weeks of trial there have

14    been mistrials because people have inadvertently put materials

15    in there and there's just no need for that kind of --

16              MR. AMATRUDA:  That's understandable, Judge.  Again, I

17    apologize.

18              THE COURT:  Okay.

19              (Off the record.)

20

21

22

23

24

25
```

Nicole M. Warren, CSR, RMR, CRR

USA V. PUGHE, ET AL

```
1              (In open court; all parties presents.)

2              (Defendants enter the courtroom.)

3              THE COURT:  All right.  Have the parties seen the

4    note?

5              MR. STERN:  We have.

6              MR. KAMDANG:  Yes, Judge.

7              MR. AMATRUDA:  Yes.

8              THE COURT:  I'll read the note into the record which

9    has been marked as Court Exhibit 10.

10             "Dear Judge Amon, we would like to obtain clarity on

11   the following:

12             In reading the verdict sheet, the charge reads as

13   conspiracy to distribute and possess with intent to distribute.

14             Is the charge a joint charge?  Meaning, do we need to

15   find not guilty if we unanimously agree that on the possession

16   with intent to distribute is not guilty but one not agree on

17   the conspiracy to distribute?"

18             MR. STERN:  I think it says "are not agreed."

19             THE COURT:  Is it are?

20             MR. STERN:  It does look like "one," but I think in

21   context it would be "are."

22             THE COURT:  It would be better to be "are."  They seem

23   to be fairly articulate writers.  I guess you're right.

24             Does anybody have any proposed language that they want

25   me to submit to the jury?
```

500

1        MR. STERN:  I think you should tell the jury that to

2   find the defendant guilty, they have to agree unanimously

3   beyond a reasonable doubt that he knowingly joined the

4   conspiracy to distribute narcotics, that it is a joint charge,

5   that they have to find both, either guilty or not guilty

6   unanimously.

7        I think that's what they mean by joint charge.  I

8   think --

9        THE COURT:  Well, there's a portion of the indictment

10   in page 8 --

11        MR. STERN:  I don't have it.

12        THE COURT:  Not the indictment.  The charge.  You

13   know, it says -- and let me just read it to you because I think

14   the Government has to prove one or the other and I said that to

15   them.  I said:

16        "The indictment charges the defendants with conspiring

17   to commit two separate unlawful acts -- distribution of cocaine

18   base and possession with intent to district cocaine base.  It

19   is not necessary for the Government to prove that the

20   defendants conspired to commit both of those unlawful acts.

21        If you find the Government has proven beyond a

22   reasonable doubt that a defendant conspired to commit either

23   one of these unlawful acts, you should find the defendant

24   guilty of the conspiracy charged in the indictment.

25        Let me caution you, however, that your decision as to

```
 1   whether the defendant conspired to commit a particular unlawful

 2   act, either distribution of cocaine base or possession with

 3   intent to distribute cocaine base, must be unanimous."

 4            So, that's what I charged them.

 5            MR. STERN:  I think that's an accurate statement of

 6   the law.

 7            THE COURT:  That's what I think that they're asking.

 8            MR. STERN:  I think they're asking, "If we find him

 9   not guilty of one, is he not guilty of the whole charge?"

10            THE COURT:  And the answer is no.

11            MR. STERN:  I agree with you.  I think that's

12   unfortunate for me the answer.  That's why I'm suggesting that

13   you tell them on the act which you have not decided

14   unanimously, you should consider to deliberate; and if you can,

15   reach a verdict whether or not he's guilty beyond a reasonable

16   doubt or not guilty.

17            THE COURT:  Okay.  But --

18            MR. AMATRUDA:  Judge, just one other issue before

19   we -- oh, sorry.  Go ahead.

20            THE COURT:  Well, I was going to say:  "To find the

21   defendant not guilty of Count One, you must find the Government

22   has failed to establish by proof beyond a reasonable doubt both

23   that he conspired to possess with intent to distribute cocaine

24   and he conspired to distribute cocaine.  If you have not

25   reached a verdict with regard to both of these objectives, you
```

1    should continue to deliberate."

2              MR. STERN:  No, because I think the problem with that

3    is they tell you specifically, "We have already decided as to

4    one, that he's not guilty."  They only have the one remaining

5    prong, I'm going call it.

6              THE COURT:  Okay.  On the prong that you have not

7    reached a verdict on, you should continue to deliberate?

8              MR. STERN:  I think you should just say what it is.

9    They say what it is.  You should say what it is, too, not refer

10   to it as a prong but say:

11             "On the question as to whether or not Mr. Pughe

12   knowingly joined a conspiracy to distribute, you should

13   continue to deliberate; and if you can, reach a verdict

14   unanimously of guilty or not guilty."

15             THE COURT:  Mr. Kamdang?

16             MR. KAMDANG:  I think the statement of law is read.

17   The one thing that makes me a little bit concerned is the way

18   your Honor phrased it in order to find the defendant not

19   guilty.

20             THE COURT:  Someone just write out -- I mean, why

21   don't you all try and agree on something you want me to say?  I

22   know it's tricky.  What -- I could read to them the paragraph I

23   just read to you from paragraph eight -- I mean, from page 8 of

24   the jury instructions.  Then I could say if there's some other

25   way you want me to phrase it --

```
 1              MR. STERN:  We're going to try and write it out.

 2              MR. AMATRUDA:  I have another issue that relates to

 3   this note.  I'm concerned that the jury may be viewing the

 4   instruction or the charge of conspiracy to distribute as one

 5   part of it and possess with intent to distribute as another.

 6              THE COURT:  Right.

 7              MR. AMATRUDA:  And my concern about that is both

 8   because of the way that the jury has separated the conspiracy

 9   to distribute from possess with intent to distribute in their

10   quotation and also in their jury note they say that they have

11   unanimously agreed that on the possess with intent to

12   distribute.

13         He's not -- nobody's charged with possess with intent

14   to distribute and I think by answering -- I think there's a

15   preliminary issue which is, if for some reason the jury feels

16   that there's a substantive charge there, there's not and that

17   the conspiracy applies to both prongs.

18              MR. STERN:  Judge, I don't think you're allowed to do

19   that.  I think that would be delving into the operation of the

20   these jurors' minds.  They have the charge back there with

21   them.  They're perfectly capable of reading that.  They don't

22   ask us to do that.  I think our only job is to answer the

23   question they've asked and not to try and read the tea leaves

24   of this and give them information they've not requested.

25              MR. AMATRUDA:  I guess rather than that, if
```

Nicole M. Warren, CSR, RMR, CRR

```
1    that's -- if your Honor --

2         THE COURT:  Why don't I begin by reading them from

3    that paragraph from page 8?  Okay.  That says -- and that

4    explains the basic law.  Okay.  Then to say -- well, let me see

5    what -- maybe you want to try and come up with something.

6         MR. AMATRUDA:  Maybe we can propose something?

7         THE COURT:  Yes.  My first intention is to read the

8    paragraph I did from page 8 to clarify, just to put it back

9    into perspective.

10        (Brief pause.)

11        MR. STERN:  Judge, we have our suggestion, whenever

12   you're ready.  Judge, I think you're going to have to resolve

13   something.

14        THE COURT:  Let me try something.  See if this

15   satisfies everybody.

16        The first thing I do is read that paragraph from page

17   8 that I just read to you.  Then I would say:

18        "If you have agreed as to a not guilty verdict on

19   conspiracy with intent to distribute, you must then continue to

20   deliberate and try to reach a verdict on the conspiracy to

21   distribute prong."

22        Okay?

23        "If you find the defendant not guilty as to both the

24   conspiracy with intent to distribute and the conspiracy to

25   distribute, your verdict should be not guilty."
```

1            Okay?

2            MR. STERN:  The only --

3            THE COURT:  And then say:

4            "If you find that the Government has established by

5     proof beyond a reasonable doubt as to any defendant that there

6     was a conspiracy to distribute, your verdict should be guilty."

7            MR. STERN:  I think ours is the same idea.  I think

8     it's a little maybe more concise.

9            THE COURT:  Okay.

10           MR. STERN:  What we say is:

11           "On the charge in which you've unanimously agreed the

12    defendant is not guilty, you need no longer deliberate.  On the

13    remaining question of whether the defendant or defendants you

14    are considering knowingly entered a conspiracy to distribute

15    narcotics, you must determine if the Government has carried

16    their burden of proving guilt beyond a reasonable doubt.  If

17    the Government has failed to do so, you must find the defendant

18    not guilty."

19           The thought is the same as yours.  I don't mean to say

20    the thought is not the same.

21           MR. AMATRUDA:  I did something as well, Judge,

22    that -- again, without throwing too much at you here.  My issue

23    I think -- my reading of this is the jury is asking:  Do we

24    have to find the defendant not guilty if we unanimously agree

25    on one and not the other?  What do we have to do to find a

1  defendant not guilty, I think is the essence of the question;

2  and I thought, as your Honor had proposed preliminarily, the

3  answer to that question is:

4       "In order to find a defendant not guilty, you must

5  unanimously agree that that defendant is not guilty of

6  conspiring to possess with intent to distribute and unanimously

7  agree that the defendant is not guilty of conspiracy to

8  distribute."

9       I think that answers the question of what they need to

10  do to find a defendant not guilty.

11       THE COURT:  Let me just try this again 'cause --

12       MR. STERN:  Can I give you ours, Judge?

13       THE COURT:  I would start by saying that, you know

14  that -- reading from paragraph eight -- page 8, which nobody

15  has ever objected to, and then say:

16       "If you have unanimously agreed," because I'm assuming

17  they have.  They could technically go back and change their

18  mind.  I don't want to tell them they have to do something.

19       MR. STERN:  That's true.

20       THE COURT:  I want to say:

21       "If you have unanimously agreed as to not guilty on

22  conspiracy with intent to distribute, you must then continue to

23  deliberate and attempt to reach a verdict on conspiracy to

24  distribute."

25       MR. STERN:  The first one is conspiracy to possess

Nicole M. Warren, CSR, RMR, CRR

1    with intent to distribute.

2            THE COURT:  I'm sorry.  Thank you.

3            "If you find the defendant not guilty as to both, your

4    verdict is not guilty.  If you find the Government has

5    established by proof beyond a reasonable doubt that the

6    defendant -- that the defendants conspired either to possess

7    with intent to distribute or conspired to distribute, your

8    verdict would be guilty."

9            MR. STERN:  That was the last or?  Seemed like there

10   were a lot of "or's" in there.

11           THE COURT:  "If you find the Government has

12   established by proof beyond a reasonable doubt that the

13   defendant," I guess I should say the defendant you are

14   considering.

15           MR. STERN:  Yes.

16           MR. KAMDANG:  I think it would be more complete to say

17   "the defendant knowingly conspired"; and that gives more

18   guidance."

19           MR. STERN:  I agree.

20           THE COURT:  All right.  "If you find that the

21   Government has established by proof beyond a reasonable doubt

22   that the defendant you are considering conspired" --

23           MR. KAMDANG:  Knowingly.

24           THE COURT:  -- "knowingly either to possess with

25   intent to distribute or to distribute cocaine base, then your

Nicole M. Warren, CSR, RMR, CRR

1    verdict would be guilty."

2              MR. AMATRUDA:  My --

3              MR. STERN:  Could I read it or hear it one more time?

4              THE COURT:  I don't blame you.  It's important.

5         "If you have unanimously agreed as to not guilty on

6    conspiracy with intent to distribute, you must then continue to

7    deliberate to attempt to reach a verdict on conspiracy to

8    distribute."

9              But I want to tell them what the effective their

10   deliberations are.

11             "If you find the defendant you are considering not

12   guilty as to both conspiracy to possess with intent to

13   distribute and conspiracy to distribute, your verdict is not

14   guilty."

15             MR. KAMDANG:  Maybe there should just be a marker

16   like, "thus, if you find," or, "accordingly, if you find."

17             MR. STERN:  My preference would be to have you say:

18        "If you find the Government has failed to carry their

19   burden of proof beyond a reasonable doubt as to the

20   crime" -- as to the element or prong, I'm not sure what you

21   call it -- "of conspiracy to distribute, you then must find the

22   defendant not guilty."

23             And that is a must.  That's not open to them.  If they

24   find the Government has failed in their burden, they must find

25   him not guilty.

```
 1              THE COURT:  Maybe I should just answer the note "yes."
 2   Just a thought.
 3              MR. STERN:  That would be a novel way to approach it.
 4              MR. KAMDANG:  Just write both.
 5              (Brief pause.)
 6              THE COURT:  All right.  Let me just try this on, okay,
 7   for size.
 8              "If you have unanimously agreed as to the defendant
 9   you are considering that the Government has failed in its
10   burden of proof to establish a conspiracy to possess with
11   intent to distribute, you must continue your deliberations to
12   determine whether or not the Government has met its burden of
13   proof beyond a reasonable doubt to establish each of the
14   elements of conspiracy to distribute.
15              If you find that the Government has failed to
16   establish both" -- and then I'll say what that is -- "your
17   verdict is not guilty.  If you find that the Government has met
18   its burden of proof with either 'blank' or 'blank,' your
19   verdict would be guilty."
20              MR. STERN:  That's fine with me.
21              MR. AMATRUDA:  Yeah, that's -- and, Judge, I take it
22   when you read both the you'll put the word -- I guess
23   Mr. Kamdang wanted it the words "knowingly conspire" in front
24   of both --
25              THE COURT:  Instead of saying, "knowingly conspire,"
```

Nicole M. Warren, CSR, RMR, CRR

1    I'm going to say, "met its burden of proof with respect to each

2    of the elements of conspiracy," because then I won't single out

3    knowingly versus joint agreement versus --

4          MR. STERN:  You're bringing them out to do this, I

5    take it, not sending them back?

6          THE COURT:  Yes.

7          (Brief pause.)

8          THE COURT:  Okay.  Bring them out.

9          (The jury enters the courtroom.)

10         THE COURT:  All right.  Ladies and gentlemen, please

11   be seated.

12         And I have your note.  It says:

13         "We would like to obtain clarity on the following.  In

14   reading the verdict sheet, the charge reads as follows:

15   Conspiracy to distribute and possess with intent to distribute.

16         Is the charge a joint charge?  Meaning, do we need to

17   find not guilty if we unanimously agree that on possession with

18   intent distribute is not guilty but are" -- I think word is

19   "are not agreed" -- I think that's -- "are" is the word -- "on

20   the conspiracy to distribute."

21         Now, hopefully I'll be able to explain this to you

22   correctly.

23         First of all, I'm going to read a portion of the

24   charge on page 8 and that is that:

25         "The indictment charges the defendants with conspiring

```
 1    to commit two separate unlawful acts -- distribution of cocaine

 2    base and possession with intent to distribute cocaine base.

 3         It is not necessary for the Government to prove that

 4    the defendants conspired to commit both of the unlawful acts.

 5    If you find the Government has proven beyond a reasonable doubt

 6    that a defendant conspired to commit either one of these

 7    unlawful acts, you should find that defendant guilty of the

 8    conspiracy charged in the indictment.

 9         Let me caution you, however, that your decision as to

10    whether a defendant conspired to commit a particular unlawful

11    act, either distribution of cocaine base or possession with

12    intent to distribute cocaine base, must be unanimous.

13         If you have unanimously agreed as to the defendant you

14    are considering that the Government has failed in its burden of

15    proof to establish a conspiracy to possess with intent to

16    distribute, you must then continue your deliberations to

17    determine whether or not the Government has met its burden of

18    proof beyond a reasonable doubt to establish each of the

19    elements of conspiracy to distribute.

20         If you find that the Government has failed to

21    establish both a conspiracy to possess with intent to

22    distribute and a conspiracy to distribute" -- and, again, each

23    of the elements of those -- "your verdict is not guilty.

24         If you find that the Government has met its burden of

25    proof to establish each of the elements by proof beyond a
```

Nicole M. Warren, CSR, RMR, CRR

USA V. PUGHE, ET AL

1    reasonable doubt, either of a conspiracy to possess with intent

2    to distribute or a conspiracy to distribute, then your verdict

3    would be guilty."

4              And, of course, all of your decisions on anything that

5    I have articulated must be unanimous.

6              So, with those further instructions, I'll ask you to

7    retire and continue your deliberations.

8              (The jury leaves the courtroom and continues

9    deliberations.)

10             THE COURT:  Okay.

11             (Off the record.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Nicole M. Warren, CSR, RMR, CRR

USA V. PUGHE, ET AL

```
 1              (In open court; all parties present.)

 2              (Defendants Pughe and Taylor enter the courtroom.)

 3              THE COURT:  All right.  We have a note that I'm sure

 4    you've seen, correct?

 5              MR. STERN:  Yes.

 6              MR. AMATRUDA:  Yes, Judge.

 7              THE COURT:  Can we please request the written

 8    transcript of what you just read to us in court?  I had the

 9    court reporter prepare it, Court Exhibit 12.  It looks accurate

10    to me.

11              Did the parties just want to take a --

12              MR. STERN:  We've read it already.

13              MR. KAMDANG:  No objection.

14              MR. AMATRUDA:  We've read it, Judge.  That's fine.

15              THE COURT:  Okay.  Then I'll just send it back.

16              MR. STERN:  Good.

17              THE COURT:  I'll just put it on the bottom of their

18    note.  Okay.

19              I just put on their note:  "Attached is the transcript

20    of my comments that you requested."

21              MR. STERN:  Can we get lunch and come back at 2:00?

22              COURTROOM DEPUTY:  I don't think it's going to be much

23    longer.

24              THE COURT:  I think they should wait here.

25              COURTROOM DEPUTY:  I think they should have a half an
```

Nicole M. Warren, CSR, RMR, CRR

USA V. PUGHE, ET AL

1    hour, not an hour.

2             MR. STERN:  We'll be back at 1:30.

3             THE COURT:  Okay.  Good.

4             (Off the record.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

USA V. PUGHE, ET AL

```
 1              (In open court; all parties presents.)

 2              (Defendants Pughe and Taylor enter the courtroom.)

 3              THE COURT:  All right.  I have a note that says:

 4         "Dear Judge Amon, we've reached a unanimous decision

 5    on both defendants and are ready to render our verdict."

 6              So, I'm going bring the jury out.

 7              I know this is difficult for family members.  So, I

 8    just would ask you to respect the jury and to be quiet either

 9    way in terms of what the verdict is.  I know you'll do that

10    because you've behaved very well during the course of these

11    proceedings, and it's just difficult for everyone.

12              (Brief pause.)

13              (The jury enters the courtroom.)

14              THE COURT:  All right.  Ladies and gentlemen, please

15    be seated.

16              I have a note that you've reached a verdict, and I'll

17    ask my courtroom deputy to take the verdict.

18              So, would the foreperson please rise for taking the

19    verdict?  Okay.

20              COURTROOM DEPUTY:  Regarding Defendant Darien Pughe,

21    conspiracy to distribute and possess with intent to distribute,

22    how do you find the defendant, guilty or not guilty?

23              THE FOREMAN:  Not guilty.

24              COURTROOM DEPUTY:  Regarding Defendant Dewayne Taylor,

25    conspiracy to distribute and possess with intent to distribute,
```

1    how do you find the defendant, guilty or not guilty?

2              THE FOREMAN:  Guilty.

3              THE COURT:  You have to take questions, Vanessa.  You

4    have to ask them those questions.

5              COURTROOM DEPUTY:  I'm sorry.  I'm sorry, Judge.

6              "Do you find that the Government proved beyond a

7    reasonable doubt that the conspiracy charged in the indictment

8    involved cocaine base?"

9              THE FOREMAN:  Yes.

10             COURTROOM DEPUTY:  "Do you find that the Government

11   proved beyond a reasonable doubt that the conspiracy charged in

12   the indictment involved 50 grams or more?"

13             THE FOREMAN:  Yes.

14             THE COURT:  All right.  Do the parties want the jury

15   polled?

16             MR. STERN:  We do not.

17             MR. KAMDANG:  Yes, your Honor.

18             THE COURT:  All right.  Then with respect to the

19   defendant Dewayne Taylor, Juror No. 1, is the your verdict?

20             I'm just asking if this is your verdict as well.

21             JUROR NO. 1:  Yes.

22             THE COURT:  Juror No. 2, is this your verdict?

23             JUROR NO. 2:  Yes.

24             THE COURT:  Juror No. 3, is this your verdict?

25             JUROR NO. 3:  Yes.

USA V. PUGHE, ET AL

```
1              THE COURT:  Juror No. 4, is this your verdict?

2              JUROR NO. 4:  Yes.

3              THE COURT:  Juror No. 5?

4              JUROR NO. 5:  Yes.

5              THE COURT:  Juror No. 6?

6              JUROR NO. 6:  Yes.

7              THE COURT:  Juror No. 7?

8              JUROR NO. 7:  Yes.

9              THE COURT:  Juror No. 8?

10             JUROR NO. 8:  Yes.

11             THE COURT:  Juror No. 9?

12             JUROR NO. 9:  Yes.

13             THE COURT:  Juror No. 10?

14             JUROR NO. 10:  Yes.

15             THE COURT:  Juror No. 11?

16             JUROR NO. 11:  Yes.

17             THE COURT:  Juror No. 12?

18             JUROR NO. 12:  Yes.

19             THE COURT:  All right.  Ladies and gentlemen, at this

20   point in time I will excuse you from jury service; and I do so

21   with the very sincere thanks from the Court for the time and

22   attention you have devoted to this matter.  You're now excused.

23             (The jury leaves the courtroom and is excused from

24   service.)

25             THE COURT:  We just need to set a date in Mr. Taylor's
```

USA V. PUGHE, ET AL

```
1    case.  Think with respect to Mr. Pughe's case, he needs to
2    be -- I understand from Ms. Holly he hasn't been interviewed?
3            MR. STERN:  I didn't want him interviewed while this
4    case was pending in case he needed to testify.  Now he's
5    prepared to be interviewed.
6            THE COURT:  We need to set a date on that.  I think
7    the date that was set may not work.
8            MR. STERN:  Tomorrow, you mean?
9            THE COURT:  No, I think she was planning on another
10   date.
11           MR. STERN:  Okay.
12           THE COURT:  So, everybody can just be seated.  I'm
13   just going to set a schedule for Mr. Taylor.
14           MR. KAMDANG:  Your Honor, I wonder if it would make
15   sense to put that off.  We discussed briefly yesterday to put
16   in a letter to reopen the suppression hearing to put the video
17   in.  I think it might make sense to set a sentencing date after
18   that letter.  Perhaps we could set a deadline to put that
19   letter in.
20           THE COURT:  Put that letter in by Monday.
21           MR. KAMDANG:  I have another jury trial starting on
22   Monday before Judge Ross.  Could I put it in next Friday?
23           THE COURT:  Yeah.  That's fine.  We'll extend it.  All
24   right.
25           COURTROOM DEPUTY:  You waiting for me, Judge?
```

Nicole M. Warren, CSR, RMR, CRR

USA V. PUGHE, ET AL

```
1              THE COURT:  Yes.  I want to set the sentence date.
2              Add an extra week.
3              COURTROOM DEPUTY:  October 2nd, Friday, October 2nd at
4    9:30, sentencing.
5              MR. STERN:  Are you talking to me, too?
6              THE COURT:  No.  I just mentioned to Mr. Stern we
7    needed to set another date for Mr. Pughe, but we're not doing
8    that now.
9              MR. KAMDANG:  That's fine.
10             COURTROOM DEPUTY:  That would mean that defense's --
11   your submissions, Mr. Kamdang, would be due the 18th of
12   September and the Government's response September 25th.
13             THE COURT:  All right.  Is there anything else that we
14   need to take up at this point?
15             MR. KAMDANG:  No, your Honor.
16             MR. AMATRUDA:  No, Judge.
17             THE COURT:  Okay.  All right.  Thank you.
18             (Whereupon the proceedings adjourned.)
19
20
21
22
23
24
25
```

Nicole M. Warren, CSR, RMR, CRR

USA V. PUGHE, ET AL

1                           I N D E X

2    Jury Note No. 1 ....................................... 490

3    Jury Note. No. 2 ...................................... 499

4    Jury Note No. 3 ....................................... 513

5    Jury Verdict  ......................................... 515

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case 1:09-cr-00003-CBA   Document 113   Filed 03/18/10   Page 72 of 38 PageID #: 868

**'**
'blank,' **[1]**  509/18
'blank,' **[1]**  509/18
'Cause **[2]**  492/19 506/11

**-**
-against **[1]**  489/4

**0**
0003 **[1]**  489/2
09-CR-0003 **[1]**  489/2

**1**
10 **[2]**  499/9 517/13
100 **[1]**  489/18
10013 **[1]**  489/18
11 **[1]**  517/15
11201 **[1]**  489/15
11241 **[1]**  489/21
12 **[2]**  513/9 517/17
16 **[1]**  489/21
18th **[1]**  519/11
1:30 **[1]**  514/2

**2**
2009 **[1]**  489/8
24 **[1]**  489/8
25th **[1]**  519/12
271 **[1]**  489/15
2:00 **[1]**  513/21
2nd **[2]**  519/3 519/3

**4**
40 **[1]**  496/16
490 **[1]**  520/2
499 **[1]**  520/3

**5**
50 grams **[1]**  516/12
501 **[1]**  489/18
513 **[1]**  520/4
5135 **[2]**  494/2 495/7
515 **[1]**  520/5

**7**
718 **[2]**  494/2 495/7

**9**
913-5135 **[2]**  494/2 495/7
9:30 **[2]**  489/9 519/4

**A**
a.m **[1]**  489/9
able **[1]**  510/21
about **[4]**  492/20 493/1 498/11 503/7
acceptable **[2]**  491/1 494/3
accordingly **[1]**  508/16
accurate **[3]**  494/18 501/5 513/9
act **[3]**  501/2 501/13 511/11
acts **[6]**  500/17 500/20 500/23 511/1 511/4 511/7
actually **[1]**  497/1
add **[2]**  497/17 519/2
adjourned **[1]**  519/18
advised **[1]**  493/19
after **[2]**  498/13 518/17
again **[5]**  494/21 498/16 505/22 506/11 511/22
against **[2]**  489/4 490/2
Agent **[2]**  492/20 496/6
ago **[2]**  492/21

**B**
baby **[1]**  496/16
baby-sitting **[1]**  496/16
back **[27]**  490/15 490/23 491/16 491/16 491/20 491/21 491/24 491/25 492/3 492/7 492/9 492/15 493/1 495/22 495/25 496/6 496/7 496/13 496/14 497/23 503/20 504/8 506/17 510/5 513/15 513/21 514/2
base **[10]**  500/18 500/18 501/2 501/3 507/25 511/2 511/2 511/11 511/12 516/8
basic **[1]**  504/4

agree **[16]**  490/8 490/15 490/22 490/23 491/22 498/7 493/15 499/16 500/2 500/11 502/21 505/24 506/5 506/7 507/19 510/17
agreed **[12]**  496/9 499/18 503/11 504/18 505/11 506/16 506/21 508/5 509/8 510/19 511/13
agreement **[1]**  510/3
ahead **[1]**  501/19
aided **[1]**  489/25
all **[34]**
allowed **[1]**  503/18
almost **[1]**  496/16
already **[4]**  491/20 491/24 502/3 513/12
also **[3]**  489/6 489/8 503/10
although **[1]**  490/14
AMATRUDA **[2]**  489/16 491/16
AMERICA **[1]**  489/2
AMON **[3]**  489/11 499/10 515/4
another **[7]**  496/5 497/18 503/2 503/5 518/9 518/21 519/7
answer **[5]**  501/10 501/12 503/22 506/3 509/1
answering **[1]**  503/14
answers **[2]**  493/16 506/9
Anthony **[1]**  489/8
any **[6]**  490/10 496/18 497/15 498/3 499/24 505/5
anybody **[2]**  498/3 499/24
anything **[3]**  491/13 512/4 519/13
apologize **[1]**  498/17
applies **[1]**  503/17
approach **[1]**  509/3
are **[19]**  490/4 493/2 497/23 499/18 499/19 499/21 499/22 505/14 507/13 507/22 508/10 508/11 509/9 510/18 510/19 510/19 511/14 515/5 519/5
aren't **[1]**  493/2
articulate **[1]**  499/23
articulated **[1]**  512/5
as **[36]**
ask **[5]**  503/22 512/6 515/8 515/17 516/4
asked **[2]**  494/20 503/23
asking **[4]**  501/7 501/8 505/23 516/20
assuming **[1]**  506/16
attached **[3]**  493/19 497/18 513/19
attempt **[2]**  506/23 508/7
attention **[1]**  517/22
attorneys **[2]**  489/14 495/23
available **[1]**  490/17
away **[1]**  494/19

be **[40]**
because **[11]**  491/19 491/24 497/22 498/12 498/14 500/13 502/2 503/8 506/16 510/2 515/10
been **[5]**  493/6 494/1 498/14 499/9 518/2
before **[5]**  489/11 492/14 495/21 501/18 518/22
begin **[1]**  504/2
behaved **[1]**  515/10
being **[2]**  490/7 491/4
believe **[1]**  496/21
believes **[1]**  496/6
better **[2]**  494/25 499/22
beyond **[16]**  500/3 500/21 501/15 501/22 501/25 505/16 507/5 507/12 507/21 508/19 509/13 511/5 511/18 511/25 516/6 516/11
bin **[1]**  491/19
binder **[3]**  496/6 496/12 496/13
bit **[1]**  502/17
blame **[1]**  508/4
book **[5]**  492/19 493/19 495/24 497/18 497/19
both **[18]**  494/3 495/21 500/5 500/20 502/22 501/25 503/7 503/17 504/23 507/3 508/12 509/4 509/19 509/22 509/24 511/4 511/21 515/5
bottom **[1]**  513/17
bought **[1]**  490/12
box **[2]**  492/12 496/7
Brief **[5]**  495/19 504/10 509/5 510/7 515/12
briefly **[1]**  518/15
bring **[3]**  493/12 510/8 515/6
bringing **[1]**  510/4
Brooklyn **[3]**  489/4 489/15 489/21
brought **[1]**  493/6
burden **[10]**  505/16 508/19 508/24 509/10 509/12 509/18 510/1 511/14 511/17 511/24
bus **[4]**  490/13 491/5 491/12 495/14

**C**
Cadman **[1]**  489/15
call **[4]**  496/11 496/12 502/5 508/21
can **[14]**  490/10 490/15 490/15 491/18 495/21 495/21 497/6 501/14 502/13 504/6 506/12 513/7 513/21 518/12
capable **[1]**  503/21
CAROL **[1]**  489/11
carried **[2]**  494/19 505/15
carry **[1]**  508/18
case **[5]**  496/21 518/1 518/1 518/4 518/4
CAUSE **[1]**  489/10
caution **[2]**  500/25 511/9
CBA **[1]**  489/2
Certainly **[1]**  491/23
change **[1]**  506/17
charge **[15]**  499/12 499/14 499/14 500/4 500/7 500/12 501/9 503/4 503/16 503/20 505/11 510/14 510/16 510/16 510/24
charged **[6]**  500/24 501/4 503/13 511/8 516/7 516/11

## C

charges [2]   500/16 510/25
chart [1]   492/13
choose [1]   490/10
clarify [1]   504/8
clarity [2]   499/10 510/13
client [1]   493/1
cocaine [12]   500/17 500/18
501/2 501/3 501/23 501/24
507/25 511/1 511/2 511/11
511/12 516/8
come [3]   490/19 504/5 513/21
coming [1]   493/2
comments [1]   513/20
commit [8]   500/17 500/20
500/22 501/1 511/1 511/4 511/6
511/10
complete [1]   507/16
Computer [1]   489/25
Computer-aided [1]   489/25
computerized [1]   489/24
concern [1]   503/7
concerned [3]   498/11 502/17
503/3
concerning [2]   491/7 491/9
concise [1]   505/8
conference [1]   492/22
consider [1]   501/14
considering [6]   505/14 507/14
507/22 508/11 509/9 511/14
conspiracy [39]
conspire [2]   509/23 509/25
conspired [12]   500/20 500/22
501/1 501/23 501/24 507/6
507/7 507/17 507/22 511/4
511/6 511/10
conspiring [3]   500/16 506/6
510/25
context [1]   499/21
continue [9]   502/1 502/7
502/13 504/19 506/22 508/6
509/11 511/16 512/7
continues [1]   512/8
copies [1]   491/18
copy [2]   497/3 497/19
correct [9]   492/10 492/15
492/16 492/17 493/9 495/15
495/16 496/23 513/4
correctly [1]   510/12
could [6]   502/22 502/24 506/17
508/3 518/18 518/22
Count [2]   501/21
couple [1]   496/11
course [2]   512/4 515/10
court [22]   489/1 489/11 489/21
489/23 489/23 490/1 492/3
493/6 493/18 493/23 494/2
494/2 496/15 498/13 499/1
499/9 513/1 513/8 513/9 513/9
515/1 517/21
Courthouse [1]   489/4
courtroom [10]   492/12 493/4
499/2 510/9 512/8 513/2 515/2
515/13 515/17 517/23
CR [1]   489/2
crazy [2]   497/13 497/13
crime [1]   508/20
CRIMINAL [1]   489/10
CRR [1]   489/23
CSR [1]   489/23

## D

DARIEN [8]   489/6 493/21 494/17
494/24 495/3 495/7 495/14
515/20
date [7]   515/9 516/7 518/7
518/10 518/17 519/1 519/7
DAVID [2]   489/19 497/10
deadline [1]   518/18
Dear [2]   499/10 515/4
decided [2]   501/13 502/3
decision [3]   500/25 511/9
515/4
decisions [1]   512/4
defendant [38]
defendants [14]   490/4 493/4
493/6 494/3 499/2 500/16
500/20 505/13 507/6 510/25
511/4 513/2 515/2 515/5
Defenders [1]   489/20
defense's [1]   519/10
deliberate [8]   501/14 502/1
502/7 502/13 504/20 505/12
506/23 508/7
deliberations [5]   508/10
509/11 511/16 512/7 512/9
delving [1]   503/19
deputy [2]   492/3 515/17
determine [3]   505/15 509/12
511/17
devoted [1]   517/22
DEWAYNE [3]   489/8 515/24
516/19
did [3]   504/8 505/21 513/11
didn't [8]   491/19 491/24
491/25 492/5 492/9 496/20
498/10 518/3
different [1]   497/15
difficult [2]   515/7 515/11
discussed [1]   518/15
distribute [53]
distribution [4]   500/17 501/2
511/1 511/11
district [5]   489/1 489/1
489/11 489/14 500/18
do [29]   492/5 492/18 492/25
494/16 495/4 495/10 496/20
496/23 498/8 499/14 503/18
503/22 504/16 505/17 505/23
505/25 505/25 506/10 506/18
510/4 510/16 515/9 515/22
516/1 516/6 516/10 516/14
516/16 517/20
does [5]   497/25 498/1 498/3
499/20 499/24
doing [2]   496/4 519/7
don't [18]   490/19 490/22 491/3
491/22 492/3 492/19 495/11
497/3 498/8 500/11 502/21
503/18 503/21 504/2 505/19
506/18 508/4 513/22
done [2]   492/5 496/21
doubt [16]   500/3 500/22 501/16
501/22 505/5 505/16 507/5
507/12 507/21 508/19 509/13
511/5 511/18 512/1 516/7
dressed [3]   490/5 493/3 493/13
due [1]   519/11
during [1]   515/10

## E

each [5]   509/13 510/1 511/18
511/22 511/25
East [1]   489/15
EASTERN [2]   489/1 489/14
effective [1]   508/9
eight [2]   502/23 506/14
either [10]   500/5 500/22 501/2
501/5 506/24 509/18 511/6
511/11 512/1 515/8
element [1]   508/20
elements [5]   509/14 510/2
511/19 511/23 511/25
else [2]   498/3 519/13
enter [4]   493/4 499/2 513/2
515/2
entered [1]   505/14
enters [2]   510/9 515/13
ESQ [3]   489/16 489/19 489/22
essence [1]   506/1
establish [8]   501/22 509/10
509/13 509/16 511/15 511/18
511/21 511/25
established [4]   505/4 507/5
507/12 507/21
ever [1]   506/15
everybody [3]   495/21 504/15
518/12
everyone [4]   494/22 496/16
498/11 515/11
evidence [10]   490/12 491/4
491/8 491/11 491/11 491/13
494/24 495/13 497/2 497/16
examined [1]   495/24
excuse [1]   517/20
excused [2]   517/22 517/23
Exhibit [3]   493/18 499/9 513/9
exhibits [2]   492/7 496/17
explain [1]   510/21
explains [1]   504/4
extend [1]   518/23
extra [1]   519/2

## F

failed [8]   501/22 505/17
508/18 508/24 509/9 509/15
511/14 511/20
fairly [1]   499/23
family [1]   515/7
Federal [1]   489/20
feels [1]   503/15
figure [1]   496/23
find [38]
fine [7]   495/17 496/8 497/21
509/20 513/14 518/23 519/9
first [6]   497/7 497/11 504/7
504/16 506/25 510/23
following [2]   499/11 510/13
follows [1]   510/14
foreperson [1]   515/18
Friday [2]   518/22 519/3
front [1]   509/23
Fu [1]   489/7
further [1]   512/6
Fuso [1]   489/7

## G

gave [2]   492/12 494/17
gentlemen [3]   510/10 515/14
517/19
get [6]   490/16 492/5 492/21
496/13 498/11 513/21
getting [3]   490/4 493/3 494/19
give [6]   490/24 492/1 493/15
497/6 503/24 506/12
gives [1]   507/17
go [3]   492/1 496/17 497/11
501/19 506/17
goes [1]   495/21
going [16]   492/15 492/25

**G**

**going... [14]** 493/12 494/16 495/2 495/25 497/17 501/20 502/5 503/1 504/12 510/1 510/23 513/22 515/6 518/13
**Good [2]** 513/16 514/3
**Government [26]** 489/13 491/1 500/14 500/19 500/21 501/21 505/4 505/15 505/17 507/4 507/11 507/21 508/18 508/24 509/9 509/12 509/15 509/17 511/3 511/5 511/14 511/17 511/20 511/24 516/6 516/10
**Government's [2]** 491/5 519/12
**grams [1]** 516/12
**guess [6]** 490/14 492/19 499/23 503/25 507/13 509/22
**guidance [1]** 507/18
**guilt [1]** 505/16
**guilty [50]**

**H**

**had [7]** 492/14 492/14 492/24 498/12 498/12 506/2 513/8
**hadn't [1]** 492/8
**half [1]** 513/25
**handle [1]** 497/25
**has [26]** 493/12 493/13 494/1 499/9 500/14 500/21 501/22 503/8 505/4 505/15 505/17 506/15 507/4 507/11 507/21 508/18 508/24 509/9 509/12 509/15 509/17 511/5 511/14 511/17 511/20 511/24
**hasn't [1]** 518/2
**have [69]**
**he [7]** 500/3 501/9 501/23 501/24 518/1 518/2 518/4
**he's [4]** 501/15 502/4 503/13 518/4
**hear [1]** 508/3
**hearing [1]** 518/16
**her [1]** 492/5
**here [6]** 490/6 492/21 497/10 497/10 505/22 513/24
**Here's [2]** 493/17 497/17
**him [3]** 501/8 508/25 518/3
**his [1]** 494/18
**Holley [1]** 492/9
**Holly [1]** 518/2
**honestly [1]** 491/22
**Honor [8]** 496/4 498/2 502/18 504/1 506/2 516/17 518/14 519/15
**HONORABLE [1]** 489/11
**hopefully [1]** 510/21
**hour [2]** 514/1 514/1
**how [3]** 490/8 515/22 516/1
**however [3]** 496/10 500/25 511/9

**I**

**I'll [8]** 494/12 499/8 509/16 510/21 512/6 513/15 513/17 515/16
**I'm [22]** 492/4 492/5 492/25 493/12 496/4 497/12 497/17 497/24 501/12 502/5 503/3 506/16 507/2 508/20 510/1 510/23 513/3 515/6 516/5 516/5 516/20 518/12
**idea [1]** 505/7
**identical [1]** 491/18
**important [3]** 498/8 498/9 508/4
**impression [1]** 492/2
**inadvertent [1]** 496/22
**inadvertently [1]** 498/14
**Inc [1]** 489/20
**indictment [8]** 500/9 500/12 500/16 500/24 510/25 511/8 516/7 516/12
**information [3]** 494/4 496/24 503/24
**Instead [1]** 509/25
**instruction [1]** 503/4
**instructions [2]** 502/24 512/6
**intent [28]** 499/13 499/16 500/18 501/3 501/23 503/5 503/9 503/11 503/13 504/19 504/24 506/6 506/22 507/1 507/7 507/25 508/6 508/12 509/11 510/15 510/18 511/2 511/12 511/15 511/21 512/1 515/21 515/25
**intention [1]** 504/7
**interviewed [3]** 518/2 518/3 518/5
**involved [2]** 516/8 516/12
**is [86]**
**Isn't [1]** 495/15
**issue [7]** 491/3 496/5 498/11 501/18 503/2 503/15 505/22
**it [94]**
**it's [18]** 490/21 491/12 491/13 492/25 495/1 496/22 497/4 497/5 497/7 497/15 497/16 498/9 498/11 502/22 505/8 508/4 513/22 515/11
**its [7]** 509/9 509/12 509/18 510/1 511/14 511/17 511/24

**J**

**job [2]** 492/5 503/22
**joined [2]** 500/3 502/12
**joint [5]** 499/14 500/4 500/7 510/3 510/16
**JUDGE [27]** 489/11 491/17 491/22 492/11 492/25 493/15 494/10 496/2 496/19 497/24 498/16 499/6 499/10 501/18 503/18 504/11 504/12 505/21 506/12 509/21 513/6 513/14 515/4 516/5 518/22 518/25 519/16
**judges [1]** 498/12
**June [1]** 489/8
**Juror [12]** 516/19 516/22 516/24 517/1 517/3 517/5 517/7 517/9 517/11 517/13 517/15 517/17
**jurors' [1]** 503/20
**jury [28]** 489/11 491/6 493/8 493/12 494/4 496/7 496/13 499/25 500/1 502/24 503/3 503/8 503/10 503/15 505/23 510/9 512/8 515/6 515/8 515/13 516/14 517/20 517/23 518/21 520/2 520/3 520/4 520/5
**just [35]**

**K**

**KAMDANG [6]** 489/22 490/23 496/3 502/15 509/23 519/11
**kind [1]** 498/15
**know [9]** 491/4 491/22 492/3 497/12 500/13 502/22 506/13 515/7 515/9
**knowingly [9]** 500/3 502/12 505/14 507/17 507/23 507/24 509/23 509/25 510/3
**known [2]** 489/6 489/8

**L**

**Ladies [3]** 510/10 515/14 517/19
**Lafayette [1]** 489/18
**language [1]** 499/24
**last [2]** 495/12 507/9
**law [3]** 501/6 502/16 504/4
**leaves [3]** 503/23 512/8 517/23
**LEN [1]** 489/22
**let [9]** 494/21 495/20 500/13 500/25 504/4 504/14 506/11 509/6 511/9
**letter [4]** 518/16 518/18 518/19 518/20
**like [6]** 491/23 499/10 499/20 507/9 508/16 510/13
**limited [1]** 492/24
**lines [2]** 496/11 496/14
**little [2]** 502/17 505/8
**located [3]** 493/20 494/23 495/6
**longer [2]** 505/12 513/23
**look [5]** 490/10 490/11 495/21 495/21 499/20
**looked [2]** 492/8 496/8
**looks [1]** 513/9
**lot [2]** 492/24 507/10
**lunch [1]** 513/21

**M**

**made [1]** 496/22
**make [5]** 492/23 493/11 496/17 518/14 518/17
**makes [1]** 502/17
**marked [2]** 493/18 499/9
**marker [1]** 508/15
**marshal [2]** 492/13 497/19
**materials [1]** 498/14
**matter [2]** 497/25 517/22
**MATTHEW [1]** 489/16
**may [2]** 503/3 518/7
**maybe [7]** 494/12 494/13 504/5 504/6 505/8 508/15 509/1
**McNally [2]** 492/20 496/6
**me [21]** 494/21 495/1 495/20 497/6 498/6 499/25 500/13 500/25 501/12 502/17 502/21 502/25 504/4 504/14 506/11 509/6 509/20 511/9 513/10 518/25 519/5
**mean [10]** 490/22 492/24 498/6 498/10 500/7 502/20 502/23 505/19 518/8 519/10
**Meaning [2]** 499/14 510/16
**members [1]** 515/7
**mentioned [1]** 519/6
**met [5]** 509/12 509/17 510/1 511/17 511/24
**might [1]** 518/17
**mind [1]** 506/18
**minds [1]** 503/20
**minutes [2]** 492/20 496/16
**misimpression [1]** 492/4
**misleads [1]** 491/10
**mistake [2]** 491/23 496/22
**mistrials [1]** 498/14
**moment [1]** 498/6
**momentarily [1]** 492/21

**M**

**Monday [2]** 515/20 515/25
**more [6]** 494/18 505/8 507/16
507/17 508/3 516/12
**Mr [11]** 490/13 490/23 493/7
496/3 496/10 502/11 502/15
518/1 519/6 519/7 519/11
**Mr. [10]** 491/16 493/7 493/9
493/12 496/11 496/12 497/8
509/23 517/25 518/13
**Mr. Amatruda [1]** 491/16
**Mr. Kamdang [1]** 509/23
**Mr. Pughe [2]** 493/12 497/8
**Mr. Pughe's [2]** 496/11 496/12
**Mr. Taylor [3]** 493/7 493/9
518/13
**Mr. Taylor's [1]** 517/25
**Ms. [2]** 492/9 518/2
**Ms. Holley [1]** 492/9
**Ms. Holly [1]** 518/2
**much [3]** 491/3 505/22 513/22
**must [15]** 501/3 501/21 504/19
505/15 505/17 506/4 506/22
508/6 508/21 508/23 508/24
509/11 511/12 511/16 512/5
**my [12]** 491/17 492/2 493/1
496/15 503/7 504/7 505/22
505/23 508/2 508/17 513/20
515/17

**N**

**narcotics [2]** 500/4 505/15
**nature [1]** 496/24
**necessary [2]** 500/19 511/3
**need [9]** 496/13 498/15 499/14
505/12 506/9 510/16 517/25
518/6 519/14
**needed [3]** 496/12 518/4 519/7
**needs [1]** 518/1
**never [1]** 492/7
**NEW [6]** 489/1 489/4 489/14
489/15 489/18 489/20
**next [1]** 518/22
**Nicole [1]** 489/23
**no [39]**
**nobody [2]** 493/13 506/14
**nobody's [1]** 503/13
**not [75]**
**note [22]** 490/7 493/1 493/7
493/9 493/11 493/18 495/20
495/23 499/4 499/8 503/3
503/10 509/1 510/12 513/3
513/18 513/19 515/3 515/16
520/2 520/3 520/4
**nothing [1]** 497/4
**noticed [1]** 496/10
**novel [1]** 509/3
**now [6]** 493/22 496/4 510/21
517/22 518/4 519/8
**number [15]** 490/16 490/22
490/24 493/21 493/24 493/25
494/1 494/2 494/14 494/14
494/18 494/18 494/20 494/24
495/2
**NY [2]** 489/18 489/21

**O**

**objected [1]** 506/15
**objection [1]** 513/13
**objectives [1]** 501/25
**obtain [2]** 499/10 510/13
**obviously [2]** 492/4 496/20
**occasions [2]** 498/12 498/13

**October [2]** 519/3 519/3
**October 2nd [2]** 519/3 519/3
**of [4]** 498/19 512/11 514/4
518/15
**Office [1]** 489/14
**officer [2]** 494/9 494/11
494/13 494/17 495/8
**officer's [1]** 494/5
**Official [1]** 489/23
**oh [1]** 501/19
**okay [24]** 490/25 492/25 493/20
495/1 495/12 495/20 497/22
498/18 501/17 502/6 504/3
504/4 504/22 505/1 505/9 509/6
510/8 512/10 513/15 513/18
514/3 515/19 518/11 519/17
**one [21]** 492/22 492/23 496/8
496/22 497/7 497/20 499/16
499/20 500/14 500/23 501/9
501/18 501/21 502/4 502/4
502/17 503/4 505/25 506/25
508/3 511/6
**only [5]** 491/2 492/11 502/4
503/22 505/2
**open [5]** 490/1 499/1 508/23
513/1 515/1
**operation [1]** 503/19
**opposition [1]** 492/15
**or's [1]** 507/10
**order [2]** 502/18 506/4
**other [6]** 498/3 498/12 500/14
501/18 502/24 505/25
**our [4]** 492/8 503/22 504/11
515/5
**ours [2]** 505/7 506/12
**out [12]** 490/16 493/2 493/12
496/23 497/11 497/14 502/20
503/1 510/2 510/4 510/8 515/6
**outside [1]** 490/17
**own [1]** 492/8

**P**

**P.C [1]** 489/17
**page [7]** 500/10 502/23 504/3
504/8 504/16 506/14 510/24
**paragraph [6]** 502/22 502/23
504/3 504/8 504/16 506/14
**part [3]** 497/11 497/13 503/5
**particular [2]** 501/1 511/10
**parties [8]** 490/1 492/14 499/1
499/3 513/1 513/11 515/1
516/14
**pause [5]** 495/19 504/10 509/5
510/7 515/12
**pending [1]** 518/4
**people [3]** 492/8 496/17 498/14
**perfectly [1]** 503/21
**Perhaps [1]** 518/18
**perspective [1]** 504/9
**phone [5]** 490/10 494/14 494/17
494/18 494/20
**phrase [1]** 502/25
**phrased [1]** 502/18
**picked [1]** 492/11
**plan [1]** 493/15
**planning [1]** 518/9
**Plaza [1]** 489/15
**please [5]** 493/19 510/10 513/7
515/14 515/18
**point [3]** 496/15 517/20 519/14
**polled [1]** 515/13
**portion [2]** 500/9 510/23
**positive [1]** 497/22
**possess [18]** 499/13 501/23

**possession [6]** 499/15 500/18
501/2 510/17 511/2 511/11
**precedes [1]** 497/2
**preference [2]** 491/5 508/17
**prejudicial [1]** 497/4
**preliminarily [1]** 506/2
**preliminary [1]** 503/15
**prepare [1]** 513/9
**prepared [2]** 492/12 518/5
**present [2]** 490/1 513/1
**presented [2]** 491/9 494/4
**presents [2]** 499/1 515/1
**problem [4]** 495/4 495/9 495/10
502/2
**problems [1]** 496/18
**proceedings [6]** 489/24 493/21
494/23 495/7 515/11 519/18
**produced [1]** 489/25
**prong [5]** 502/5 502/6 502/10
504/21 508/20
**prongs [1]** 503/17
**proof [14]** 501/22 505/5 507/5
507/12 507/21 508/19 509/10
509/13 509/18 510/1 511/15
511/18 511/25 511/25
**propose [2]** 493/17 504/6
**proposed [2]** 499/24 506/2
**prove [3]** 500/14 500/19 511/3
**proved [2]** 516/6 516/11
**proven [2]** 500/21 511/5
**proving [1]** 505/16
**PUGHE [18]** 489/6 489/17 490/2
493/4 493/7 493/12 493/21
494/17 494/24 495/3 495/7
495/14 497/8 502/11 513/2
515/2 515/20 519/7
**Pughe's [4]** 490/13 496/11
496/12 518/1
**purchased [3]** 491/5 491/12
495/14
**put [14]** 490/5 491/19 496/7
498/14 504/8 509/22 513/17
513/19 518/15 518/15 518/16
518/18 518/20 518/22

**Q**

**question [7]** 495/13 502/11
503/23 505/13 506/1 506/3
506/9
**questions [4]** 493/16 498/4
516/3 516/4
**quibble [1]** 491/3
**quiet [1]** 515/8
**quotation [1]** 503/10

**R**

**rather [2]** 494/14 503/25
**reach [5]** 501/15 502/13 504/20
506/23 508/7
**reached [4]** 501/25 502/7 515/4
515/16
**read [22]** 490/15 490/18 490/23
493/9 493/23 494/1 494/21
499/8 500/13 502/16 502/22
502/23 503/23 504/7 504/16
504/17 508/3 509/22 510/23
513/8 513/12 513/14
**reading [6]** 499/12 503/21
504/2 505/23 506/14 510/14
**reads [3]** 493/25 499/12 510/14

**R**

ready [2]  504/7 505/25
really [4]  497/2 497/5 497/15
  498/8
reason [2]  491/23 503/15
reasonable [16]  500/3 500/22
  501/15 501/22 505/5 505/16
  507/5 507/12 507/21 508/19
  509/13 511/5 511/18 512/1
  516/7 516/11
received [1]  493/7
record [7]  490/5 493/5 495/13
  498/19 499/8 512/11 514/4
recorded [1]  489/24
redact [2]  496/12 496/14
redacted [1]  496/25
refer [1]  502/9
reflect [1]  493/5
regard [1]  501/25
Regarding [2]  515/20 515/24
relates [1]  503/2
remaining [2]  502/4 505/13
render [1]  515/5
reopen [1]  518/16
reporter [5]  489/23 489/23
  493/23 494/2 513/9
request [1]  513/7
requested [2]  503/24 513/20
resolve [1]  504/12
resolved [1]  490/9
respect [4]  510/1 515/8 516/18
  518/1
response [2]  493/18 519/12
retire [1]  512/7
return [1]  497/19
right [26]  489/9 492/18 493/5
  493/11 493/14 494/7 495/18
  496/4 496/19 497/17 497/25
  499/3 499/23 503/6 507/20
  509/6 510/10 513/3 515/3
  515/14 516/14 517/19
  518/24 519/13 519/17
rise [1]  515/18
RMR [1]  489/23
room [1]  492/22
Ross [1]  518/22
Rothman [1]  489/17
rulings [1]  492/24

**S**

said [3]  492/14 500/14 500/15
same [5]  491/8 497/1 505/7
  505/19 505/20
satisfies [2]  494/22 504/15
say [23]  490/17 491/2 495/2
  501/20 502/8 502/9 502/9
  502/10 502/21 502/24 503/10
  504/4 504/17 505/3 505/10
  505/19 506/15 506/20 507/13
  507/16 508/17 509/16 510/1
saying [5]  492/4 492/5 497/12
  506/13 509/25
says [7]  497/7 497/11 499/18
  500/13 504/3 510/12 515/3
schedule [1]  518/13
Schneider [1]  489/17
seated [3]  510/11 515/15
  518/12
second [1]  497/13
see [4]  494/21 497/11 504/4
  504/14
seem [1]  499/22
Seemed [1]  507/9

seems [2]  491/22 498/6
seen [3]  490/7 490/8 513/10
send [1]  491/18 491/24 492/9
  513/15
sending [1]  510/5
sense [2]  515/18 518/17
sent [7]  491/15 491/19 491/21
  491/25 492/3 492/7 492/20
sentence [1]  519/1
sentencing [2]  518/17 519/4
separate [2]  500/17 511/1
separated [1]  503/8
September [2]  519/12 519/12
September 25th [1]  519/12
service [2]  517/20 517/24
set [8]  517/25 518/6 518/7
  518/13 518/17 518/18 519/1
  519/7
she [1]  518/9
sheet [2]  499/12 510/14
shit [2]  497/13 497/13
should [24]  490/8 490/9 490/12
  493/5 494/13 494/16 496/20
  496/21 500/1 500/23 501/14
  502/1 502/7 502/8 502/9 502/12
  504/25 505/6 507/13 508/15
  509/1 511/7 513/24 513/25
show [1]  495/20
shown [1]  493/14
shred [1]  491/11
significantly [1]  497/15
Since [1]  490/21
sincere [1]  517/21
single [1]  510/2
sitting [1]  496/16
size [1]  509/7
snappy [1]  498/10
so [13]  492/21 492/12 495/20
  497/4 498/10 501/4 505/17
  512/6 515/6 515/7 515/18
  517/20 518/12
Soloway [1]  489/17
some [2]  502/24 503/15
somebody [1]  494/8
Someone [1]  502/20
something [8]  498/8 502/21
  504/5 504/6 504/13 504/14
  505/21 506/18
sorry [4]  501/19 507/2 516/5
  516/5
speak [1]  490/22
specifically [1]  502/3
start [1]  506/13
starting [1]  518/21
statement [5]  495/15 497/1
  497/6 501/5 502/16
STATES [6]  489/1 489/2 489/4
  489/11 489/14 490/2
staying [1]  496/15
stenography [1]  489/24
Stern [4]  489/17 489/19 496/10
  519/6
still [1]  493/3
stipulation [1]  491/13
Street [2]  489/18 489/21
subject [2]  491/7 491/9
submissions [1]  519/11
submit [1]  499/25
substantive [1]  503/16
suggesting [1]  501/12
suggestion [1]  504/11
Suite [1]  489/18
suppression [1]  518/16
sure [6]  491/15 492/23 493/11

496/17 508/20 513/3

take [7]  492/9 509/21 510/5
  513/11 515/17 516/3 519/14
taking [1]  515/18
talking [1]  519/5
TAYLOR [15]  489/8 489/20 490/3
  493/4 493/7 493/9 494/9 494/11
  494/17 495/8 513/2 515/2
  515/24 516/19 518/13
Taylor's [1]  517/25
tea [1]  503/23
technically [2]  490/14 506/17
telephone [4]  493/21 494/24
  495/2 495/7
tell [8]  491/6 493/1 497/6
  500/1 501/13 502/3 506/18
  508/9
ten [1]  492/20
Tennessee [1]  497/12
terms [1]  515/9
testified [6]  490/22 494/7
  494/11 494/14 494/17 495/8
testify [1]  518/4
testimonial [1]  491/12
testimony [3]  491/6 491/14
  494/5
than [2]  494/14 503/25
Thank [2]  507/2 519/17
thanks [1]  517/21
that [137]
that's [25]  491/8 492/6 492/17
  494/5 494/12 494/18 495/25
  496/8 497/21 498/16 500/7
  501/4 501/5 501/7 501/11
  501/12 504/1 506/19 508/23
  509/20 509/21 510/19 513/14
  518/23 519/9
their [10]  493/13 503/9 503/10
  505/16 506/17 508/9 508/18
  508/24 513/17 513/19
them [19]  490/10 490/24 491/10
  493/15 496/14 500/15 501/4
  501/13 502/22 503/21 503/24
  504/2 506/18 508/9 508/23
  510/4 510/5 510/8 516/4
then [18]  492/18 495/12 502/24
  504/4 504/17 504/19 505/3
  506/15 506/22 507/25 508/6
  508/21 509/16 510/2 511/16
  512/2 513/15 516/18
there [28]  490/12 491/4 491/6
  491/8 491/10 491/11 491/13
  491/14 491/23 491/24 492/24
  495/12 495/13 496/6 496/7
  498/6 496/10 496/18 497/14
  498/13 498/15 503/16 503/20
  505/5 507/9 507/10 508/15
  519/13
there's [7]  496/5 498/15 500/9
  502/24 503/14 503/16 503/16
these [7]  493/16 496/17 500/23
  501/25 503/20 511/6 515/10
they [29]  490/9 490/12 490/17
  490/19 492/14 492/19 493/2
  493/2 494/19 499/22 499/24
  500/2 500/5 500/7 502/3 502/4
  502/9 503/10 503/10 503/20
  503/21 506/9 506/17 506/17
  506/18 508/23 508/24 513/24
  513/25
they're [3]  501/7 501/8 503/21
they've [2]  503/23 503/24

## T

**thing [3]** 491/2 502/17 504/16
**think [45]**
**this [30]** 490/5 493/1 494/4
494/14 494/17 494/22 495/20
496/12 496/21 497/7 497/20
498/11 498/13 503/3 503/24
504/14 505/23 506/11 509/6
510/4 510/21 515/7 516/20
516/22 516/24 517/1 517/19
517/22 518/3 519/14
**those [5]** 496/14 500/20 511/23
512/6 516/4
**thought [8]** 491/24 492/6
496/20 498/7 505/19 505/20
506/2 509/2
**through [1]** 496/17
**throwing [1]** 505/22
**thus [1]** 508/16
**ticket [4]** 490/13 491/5 491/12
495/14
**time [3]** 508/3 517/20 517/21
**today [1]** 496/10
**told [3]** 490/9 490/12 491/19
**Tomorrow [1]** 518/8
**too [5]** 491/3 492/25 502/9
505/22 519/5
**transcript [20]** 489/25 490/15
490/16 490/17 490/20 490/21
491/16 492/10 492/15 492/18
493/19 495/6 495/24 496/6
496/11 497/7 497/18 497/19
513/8 513/19
**Transcription [1]** 489/25
**transcripts [5]** 490/10 491/4
491/15 493/20 494/23
**traveled [1]** 495/14
**trial [3]** 489/10 498/13 518/21
**tricky [1]** 502/22
**true [1]** 506/19
**try [9]** 498/8 502/21 503/1
503/23 504/5 504/14 504/20
506/11 509/6
**trying [1]** 496/22
**two [2]** 500/17 511/1

## U

**unanimous [4]** 501/3 511/12
512/5 515/4
**unanimously [16]** 499/15 500/2
500/6 501/14 502/14 503/11
505/11 505/24 506/5 506/6
506/16 506/21 508/5 509/8
510/17 511/13
**under [1]** 492/4
**understand [2]** 490/4 518/2
**understandable [1]** 498/16
**understanding [1]** 491/17
**unfortunate [1]** 501/12
**UNITED [6]** 489/1 489/2 489/4
489/11 489/14 490/2
**unlawful [8]** 500/17 500/20
500/23 501/1 511/1 511/4 511/7
511/10
**unredacted [2]** 496/13 497/3
**up [3]** 492/11 504/5 519/14
**us [7]** 490/23 491/21 492/1
497/12 497/14 503/22 513/8
**use [1]** 497/19

## V

**Vanessa [2]** 492/2 516/3
**verdict [31]** 499/12 501/15

501/25 502/7 502/13 504/18
504/20 504/25 505/6 506/23
507/11 507/18 508/7 508/9 508/11
509/17 509/19 510/14 511/23
512/2 515/5 515/9 515/16
515/17 515/19 516/19 516/20
516/22 516/24 517/1 520/5
**versus [2]** 510/3 510/3
**very [3]** 498/11 515/10 517/21
**video [1]** 518/16
**view [1]** 495/23
**viewing [1]** 503/3

## W

**wait [1]** 513/24
**waiting [1]** 518/25
**want [15]** 490/19 491/3 492/23
493/11 499/24 502/21 502/25
504/5 506/18 506/20 508/9
513/11 516/14 518/3 519/1
**wanted [1]** 509/23
**Warren [1]** 489/23
**was [35]**
**wasn't [4]** 491/23 496/17
496/25 497/2
**Watts [1]** 489/8
**way [7]** 494/4 497/15 502/17
502/25 503/8 509/3 515/9
**we [50]**
**we'll [3]** 490/5 514/2 518/23
**we're [6]** 490/5 494/16 494/19
496/22 503/1 519/7
**we've [3]** 513/12 513/14 515/4
**week [1]** 519/2
**weeks [1]** 498/13
**well [6]** 500/9 501/20 504/4
505/21 515/10 516/20
**went [4]** 491/16 496/7 497/14
497/22
**were [3]** 491/15 492/24 507/10
**weren't [1]** 496/18
**what [30]** 492/6 493/1 493/17
493/22 493/24 494/5 494/12
496/20 496/20 496/23 496/24
497/6 497/12 497/17 500/7
501/4 501/7 502/8 502/9 502/9
502/22 504/5 505/10 505/25
506/9 508/9 508/20 509/16
513/8 515/9
**What's [2]** 495/5 496/15
**when [2]** 490/5 509/22
**whenever [1]** 504/11
**where [1]** 498/13
**Whereupon [1]** 519/18
**whether [8]** 491/12 501/1
501/15 502/11 505/13 509/12
511/10 511/17
**which [6]** 496/5 499/8 501/13
503/15 505/11 506/14
**while [1]** 518/3
**who [6]** 490/12 491/5 491/11
491/21 491/25 495/14
**whole [1]** 501/9
**why [4]** 493/2 501/12 502/20
504/2
**will [2]** 491/24 517/20
**without [1]** 505/22
**won't [1]** 510/2
**wonder [1]** 518/14
**word [3]** 509/22 510/18 510/19
**wording [1]** 491/3
**words [1]** 509/23
**work [1]** 518/7
**would [28]** 490/14 490/23 491/2

491/6 491/21 491/25 492/7
493/17 493/18 499/10 499/21
499/22 503/19 504/17 506/13
507/8 507/16 508/1 508/17
509/3 509/19 510/13 512/3
515/8 515/18 518/14 519/10
519/11
**write [4]** 494/12 502/20 503/1
509/4
**writers [1]** 499/23
**written [2]** 493/15 513/7

## Y

**Yeah [2]** 509/21 518/23
**yes [30]** 493/10 493/10 493/17
494/10 497/9 498/2 499/6 499/7
504/7 507/5 509/1 510/6 513/5
513/6 516/9 516/13 516/17
516/21 516/23 516/25 517/2
517/4 517/6 517/8 517/10
517/12 517/14 517/16 517/18
519/1
**yesterday [2]** 496/16 518/15
**YORK [6]** 489/1 489/4 489/14
489/15 489/18 489/20
**you [112]**
**you'll [2]** 509/22 515/9
**you're [9]** 491/15 496/19
497/22 499/23 503/18 504/12
504/12 510/4 517/22
**you've [6]** 490/7 493/9 505/11
513/4 515/10 515/16
**your [34]**
**yours [1]** 505/19