UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES,

        -against-

DEWAYNE TAYLOR,

                      Defendant.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
09-cr-003 (CBA)

**AMON, Chief United States District Judge.**

## INTRODUCTION

Dewayne Taylor moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 under the recent amendments to the base offense levels for cocaine base, which became effective November 1, 2011. For the reasons set forth below, Taylor's application is denied.

## BACKGROUND

On June 24, 2009, Taylor was convicted after a jury trial of conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841 and 846. At sentencing, the Court calculated Taylor's Base Offense Level as 38 and found that Taylor was also subject to a two-point enhancement for obstruction of justice. Coupled with his criminal history category of VI, Taylor's offense level of 40 yielded a sentencing range of 360-life. On February 9, 2010, the Court imposed a sentence of 270 months incarceration.

On November 1, 2011, Amendment 750 to the Sentencing Guidelines went into effect. This amendment lowered the base offense levels for offenses involving cocaine base. The Sentencing Commission has also amended § 1B1.10 of the Guidelines, effective November 1, 2011, to prescribe when and to what extent Amendment 750 applies retroactively.

1

## DISCUSSION

Section 3582(c)(2) of Title 18 states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"When the Commission amends the Guidelines to lower the sentencing range for a particular offense, it is authorized by the [Sentencing Reform Act] to decide whether and to what extent previously-sentenced offenders may benefit from the change." *United States v. Rivera*, 662 F.3d 166, 170 (2d Cir. 2011); 28 U.S.C. § 994(u). Accordingly, 18 U.S.C. § 3582(c)(2), which governs a defendant's eligibility for a modification, "grants courts the authority to reduce sentences only if doing so is consistent with the Commission's applicable policy statements." *Rivera*, 662 F.3d at 170.

The Government argues that these policy statements foreclose Taylor's resentencing. Specifically, it relies upon § 1B1.10(a)(2)(B), which provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." For purposes of applying this statement, the "applicable guideline range" is defined as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt.1(A).

Taylor concedes that this policy statement, if applied, forecloses a reduction in his sentence. He instead contends that the policy statements "cannot be applied retroactively to his

2

resentencing proceeding." Taylor Reply, D.E. #140, at 8. For this proposition Taylor relies upon the Second Circuit's decision in *United States v. Rivera*, 662 F.3d 166, 183-184 (2d Cir. 2011). In that case, the Court vacated the district court's decision that the defendant was not entitled to resentencing under the version of § 1B1.10 in place before the November 1, 2011 amendment. But because *Rivera* was decided October 21, 2011—ten days prior to the amendment—and because the defendant would not have been entitled to a sentence reduction under § 1B1.10 as amended, the panel had to decide which version of § 1B1.10 would apply on remand. The panel's statement was explicitly couched in these terms: "[B]ecause the amendments to § 1B1.10, which abrogate the law of this and certain other circuits, are substantive, rather than merely clarifying, they cannot fairly be applied to Rivera's § 3582(c)(2) proceeding on remand." *Id.* at 183. Accordingly, at issue in *Rivera* was whether Rivera's motion for a reduction of his sentence should be governed by the version of § 1B1.10 in effect at the time he made his motion, or instead by the subsequently amended version.

In contrast to *Rivera*, Taylor's application comes after, and pursuant to, the November 1, 2011 amendments to the Guidelines. He therefore seeks to benefit from the November 1, 2011 reductions to the base offense levels for offenses involving cocaine base, but asks the Court to apply these amendments by reference to a previous version of § 1B1.10, rather than the version as amended. Such an approach would be in conflict with 28 U.S.C. § 994(u), which empowers the Sentencing Commission upon its amendment of the Guidelines to "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." *See Rivera*, 662 F.3d at 170. The Sentencing Commission has determined that the November 2011 amendments shall be applied only in the circumstances and in the amount authorized by the policy statements in § 1B.10 as amended, and Taylor has

provided no authority allowing the Court to ignore this. To the contrary, the *Rivera* panel itself acknowledged that the amendment of § 1B.10 would "dramatically alter the landscape for sentenced prisoners who seek to benefit from *this year's* retroactive reduction of crack sentences," *id.* at 182 (emphasis added), as Taylor does.

The new amendments do not change Taylor's Guideline range. Under the Drug Equivalency Tables in effect at the time of his sentencing, the 28 kilograms of cocaine base and the 13.36 grams of oxycodone for which Taylor was responsible were equivalent to 560,089.12 kilograms of marijuana. Under the revised table, the same quantities are equivalent to 100,077.50 kilograms of marijuana. The latter amount corresponds to a Base Offense Level of 38, the same as when Taylor was sentenced. Section 1B1.10(a)(2)(B) therefore bars a reduction in his sentence.

## CONCLUSION

For the above reasons, Taylor's application for resentencing pursuant to 18 U.S.C. § 3582(c)(2) and § 1B1.10 of the Sentencing Guidelines is denied.

SO ORDERED.

Dated: July 23, 2012
      Brooklyn, N.Y.

                                      - s/CBA

Carol Bagley Amon
Chief United States District Judge